**SACRED HEART HOSPITAL, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (MUTIS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 8, 1997.
Decided Dec. 4, 1997.

Mary T. Uhlig, Philadelphia, for petitioner.

Michael C. Usher, Whitehall, for respondent.

Before SMITH and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Sacred Heart Hospital (Employer) petitions for review of an opinion and order of the Workers' Compensation Appeal Board (Board) which reversed the decision of the Workers' Compensation Judge (WCJ) and granted the claim and reinstatement petitions of Barbara Mutis (Claimant).

The facts, as found by the WCJ, are as follows.

1. The claimant suffered a back injury in October of 1988 while in the employ of defendant, Sacred Heart Hospital. Claimant returned to work at Sacred Heart Hospital in February of 1990. A Supplemental Agreement was executed reflecting claimant's return to work at no loss of earnings on February 17, 1990.

2. From February 17, 1990 through April 20, 1993 claimant performed her pre-injury duties without restriction and did not experience an increase in pain.

3. On April 21, 1993 claimant experienced back pain when she reached over a bed to pull a patient onto a bed pan.

4. Claimant notified defendant of her injury on April 21, 1993, the date of its occurrence.

5. On January 27, 1994 claimant returned to work at a loss of earnings.

6. The claimant presented no medical testimony in support of her petitions. Following the April 21, 1993 incident at work, the claimant's pain in her back and legs worsened over the course of several months. On September 10, 1993 the claimant began missing work with the defendant.

The WCJ found no obvious causal connection between Claimant's prior injury and the incident occurring on April 21, 1993 and thus, denied the claim and reinstatement petitions on the basis that Claimant failed to produce any medical testimony in support of her petitions.

The Board accepted the findings of the WCJ but determined the WCJ erred in denying the reinstatement petition for Claimant's failure to present medical testimony. The Board concluded that unequivocal medical evidence is not necessary for the Claimant to establish that the original work-related injury continues. Having concluded that Claimant's testimony satisfied her burden of proof, the Board reversed the WCJ and granted the reinstatement petition. This appeal, which involves solely the reinstatement petition, followed.[1]

On appeal, Employer argues the Board erred in granting the reinstatement petition by misapplying the burden of proof.[2] Our scope of review is limited to a determination of whether there has been a violation of constitutional rights, errors of law were committed, or whether necessary findings of fact are supported by substantial evidence. *Nevin Trucking v. Workmen's Compensation Appeal Board (Murdock)*, 667 A.2d 262 (Pa. Cmwlth.1995).

In order to establish the right to a reinstatement of workers' compensation benefits following a suspension of those benefits, a claimant must demonstrate:

(1) that through no fault of her own her earning power is once again adversely affected by her disability; and

---

1. In her reinstatement petition dated November 17, 1993, Claimant states she "had an exacerbation of an injury, sustained on 4/21/93. The previous injury was in 11/88. I have been out of work since 9/9/93 due to the above 4/21/93 exacerbation of old injury...."

2. Employer also asserts the Board erred in finding the WCJ accepted the testimony of Claimant as credible and persuasive. Because of our disposition of this matter, we do not address that issue.

(2) the disability which gave rise to the original claim continues.

*Pieper v. Ametek–Thermox Instruments Div.*, 526 Pa. 25, 584 A.2d 301 (1990). However, in *Trumbull v. Workmen's Compensation Appeal Board (Helen Mining Co.)*, 683 A.2d 342 (Pa.Cmwlth.1996), we emphasized that a claimant must still prove causation. In *Trumbull*, following a suspension agreement where the claimant petitioned for reinstatement of benefits, we held that although there is a presumption that the work-related injury of the claimant persists, it is the claimant's burden to affirmatively establish that the work-related injury caused his or her present disability and loss of earning power.

■ Here, the record reveals that Claimant testified that there was no specific incident which precipitated her back pain in 1993 and that it gradually increased both at work and at home. R.R. 33a–34a, 37a. Claimant testified that she was "getting ready to bend over" when she felt the pain in her back and admitted that there was no specific incident precipitating the back pain and that she did not lose any time from work until September 9, 1993 as she experienced a gradual increase in pain. R.R. 9a, 16a, 33a–34a.

The Claimant's testimony surrounding her back condition in April of 1993 does not establish a causal connection between the 1988 work-related injury and the 1993 dis-

ability. This is particularly true when five years had passed since the initial injury.[3] Because there was no obvious causal connection, the Board misapplied the burden of proof and erred in reversing the decision of the WCJ.

Accordingly, we reverse the order of the Board and reinstate the decision of the WCJ denying the reinstatement petition of Claimant.

## ORDER

AND NOW, this 4th day of December, 1997, the March 10, 1997 order of the Workers' Compensation Appeal Board is reversed.

FRIEDMAN, Judge, dissenting.

Here, the majority bases its determination on *Trumbull v. Workmen's Compensation Appeal Board (Helen Mining Co.)*, 683 A.2d 342 (Pa.Cmwlth.1996), relying on it for the proposition that, to establish a right to a reinstatement of benefits following a suspension, a claimant must prove causation. The majority then examines the testimony provided by Barbara Mutis (Claimant) and concludes that, because it fails to establish a causal connection between her 1988 work-related injury and her 1993 disability, and because that causal connection was not obvious,[1] the Workers' Compensation Appeal

3. In *Latta v. Workmen's Compensation Appeal Board (Latrobe Die Casting Co.)*, 537 Pa. 223, 642 A.2d 1083 (1994), the Supreme Court noted that:

[T]he degree of inquiry and the difficulty of establishing that a work-related injury continues in any given case is necessarily governed by the nature of the injury and the length of time that has passed since the claimant originally established the existence of the work-related injury. Where a relatively short period of time has elapsed and/or the injury is one that has obviously continued, a claimant's task is qualitatively simpler than if a considerable period of time has elapsed and/or the injury is one that is less obvious.

537 Pa. at 225 n. 4, 642 A.2d at 1085 n. 4.

1. The majority seems to feel that Claimant's failure to establish the "causal connection" is particularly clear in this case because five years had passed since the initial injury. In reaching this conclusion, the majority cites *Latta v. Workmen's Compensation Appeal Board (Latrobe Die Casting Co.)*, 537 Pa. 223, 642 A.2d 1083 (1994), as follows.

[T]he degree of inquiry and the difficulty of establishing that a work-related injury *continues* in any given case are necessarily governed by the nature of the injury and the length of time that has passed since the claimant originally established the existence of the work-related injury. Where a relatively short period of time has elapsed and/or the injury is one that has obviously *continued*, a claimant's task is qualitatively simpler than if a considerable period of time has elapsed and/or the injury is one that is less obvious.

*Id.* at 225 n. 4, 642 A.2d at 1085 n. 4. (Emphasis added.) However, the majority fails to complete the quote, which goes on to say:

However, under all circumstances, the claimant's burden is not very difficult, since the injury has continued to be acknowledged by the fact that benefits have been merely suspended, and the employer has not moved to terminate its liability. This is especially true where an employer presents no evidence to rebut a claimant's testimony that his work-related injury *continues*.

*Id.* (Emphasis added.) More importantly, however, it is apparent to me that, by relying on this

Board (Board) misapplied the burden of proof and so erred in reversing the WCJ.[2] I do not believe that the majority's analysis of the relevant case law is correct, and I respectfully submit that the majority has distorted Claimant's testimony; therefore, I dissent.

In *Trumbull*, the claimant sustained a work-related injury in March of 1990, for which he received total disability payments. In November of 1990, the claimant returned to his pre-injury position at his pre-injury wage; the parties then entered into a supplemental agreement suspending the claimant's benefits, thereby recognizing that the claimant still suffered from some residual medical disability at the time he resumed his work duties. The claimant continued in this position until he experienced a loss of earnings when the employer laid him off in January of 1993. When the claimant filed a reinstatement petition, the referee granted reinstatement based on the claimant's lay off and medical residuals, reasoning that, under such circumstances, reinstatement of benefits was automatic absent a showing of job availability by the employer.

The Board reversed, stating that an employer is entitled to a continued suspension of a claimant's benefits when the claimant is capable of returning to his or her time-of-injury job with residual disability even if the employer has not shown job availability.[3] On further appeal, we reversed the Board and remanded the case. We concluded that, although the Board's statement was correct, it had failed to complete its analysis by failing to "recognize that an employer still has the burden to establish job availability if the claimant first establishes that his work-related injury has prevented him from returning to his pre-injury position without impairment." *Trumbull*, 683 A.2d at 347.

In reaching our determination in *Trumbull*, we first discussed the claimant's burden, stating:

> the law is clear that a claimant seeking reinstatement following a **suspension** of

---

footnote from *Latta* to support its determination that Claimant has failed to show causation, the majority has confused causation with continuation. This quote from *Latta* relates to the claimant's burden to show that his or her injury *continues*, not to whether that injury is the *cause* of the current disability. The text to which this particular footnote is appended makes this abundantly clear by stating:

> [W]e hold that expert medical evidence is not necessary to establish that the prior work-related injury *continues*. Rather, once a claimant testifies that his prior work-related injury *continues*, the burden shifts to his employer to prove the contrary. Where an employer fails to present evidence to the contrary, the claimant's testimony, if believed by the referee, is sufficient to support reinstatement of the suspended benefits.

*Id.* at 225, 642 A.2d at 1085. Here, Claimant specifically stated that her back and leg pain continued from the time of her original injury in October of 1988 through her 1993 disability. (R.R. at 36a.)

2. Although not stating it in so many words, by reinstating the WCJ's decision, the majority implies that Claimant was required to produce unequivocal medical testimony in order to satisfy her initial burden of proof. I cannot agree. Indeed, even in *Trumbull*, upon which the majority relies, we never indicate that such evidence is necessary in order for a claimant to satisfy his or her initial burden in a reinstatement petition following suspension.

3. In doing so, the Board applied our supreme court's decision in *Harle v. Workmen's Compensation Appeal Board (Telegraph Press, Inc.)*, 540 Pa. 482, 658 A.2d 766 (1995). *Harle* involved a situation where a claimant who worked as a pressman sustained a work-related injury. Subsequently, he was released to return to duty with no restrictions, but the employer went out of business, and the claimant was laid off before he was able to return to work. Shortly thereafter, on his own initiative, the claimant found a job as a pressman at wages lower than his time-of-injury wage. The employer filed a termination petition, which the WCJ granted and the Board affirmed.

However, this court reversed, reasoning that the claimant was entitled to partial disability benefits because he had a demonstrable continuing medical disability warranting suspension, and because the employer had failed to establish that appropriate work was available. The supreme court affirmed our holding that where a claimant can return to work without restriction, but with a continuing medical disability, a suspension, rather than a termination, is proper. However, the supreme court reversed us with regard to claimant's entitlement to partial disability benefits. The court concluded that by obtaining work as a pressman, albeit at a lower wage, the claimant had obviated the employer's need to produce evidence of job availability and had established that the discrepancy in wages, that is, his loss of earnings, was due to his layoff and not his work-related injury.

benefits need only establish: (1) that through no fault of his or her own, the claimant's earning power is again adversely affected by the work-related disability, and (2) that the disability which gave rise to the original claim continues. A claimant does not have to re-establish the causal relationship, i.e., job relatedness, of the injury. *Pieper v. Ametek–Thermox Instruments Division*, 526 Pa. 25, 584 A.2d 301 (1990). And, such a claimant is not required to produce medical evidence to establish continuing disability, but rather, the testimony of the claimant alone is sufficient to support a finding that his or her disability continues. *Latta v. Workmen's Compensation Appeal Board (Latrobe Die Casting Co.)*, 537 Pa. 223, 642 A.2d 1083 (1994).

*Id.* at 345. (Emphasis in original.)

We then went on to hold that "following a suspension agreement where a claimant petitions for a reinstatement of benefits, although there is a presumption that the work-related injury of the claimant still persists, it is the claimant's burden to affirmatively establish that it is the work-related injury which is *causing* his or her present disability, i.e., his or her loss of earning power."[4] *Id.* at 346–47. Because, in *Trumbull*, the WCJ had never considered whether the claimant met his initial burden of proving that it was his work-related injury, and not the lay off, which kept him from returning to his pre-injury job without restrictions, and because

the evidence was unclear on this point, we remanded the case for further findings.

I cannot agree that *Trumbull* offers us any guidance in this case because the crucial issue of "causation," which remained unconsidered in *Trumbull*, does not even exist here. In *Trumbull*, in order to satisfy his initial burden of proof under *Pieper*,[5] the claimant needed to affirmatively establish that his work-related injury *caused* his loss of earnings because, despite his continuing medical impairment, he may have had the ability to return to, or remain at, work without restrictions if his earning power had not been affected by a lay off. In contrast, here, there is no lay off which would give rise to such a question;[6] indeed, there is no question that the *cause* of Claimant's loss of earnings was her work-related injury which prevented her from returning to her normal duties. Claimant testified that she had continuous pain, for which she received medical treatment, from the time of her 1988 injury until the work incident in April 1993. (R.R. at 32a, 36a.) Further, Claimant testified that her continuing pain gradually worsened from the time of the April incident until September 1993, when the severity of the pain finally forced her to leave work. (R.R. at 33a, 37a.) Finally, Claimant's testimony also clearly establishes that she was unable to return to her pre-injury job without restrictions due to the continuing work-related injury.[7] (R.R. at 28a–29a, 30a, 37a.)

4. We specifically stated that absent from this burden was the claimant's need to establish that his or her disability had increased or recurred after the date of the prior award and the need to produce unequivocal medical evidence that his or her physical condition had actually changed in some manner. *Id.* at 347 n. 11.

5. Contrary to the majority's expressed belief, I do not agree that *Trumbull* calls for a claimant to prove causation in addition to the two requirements in *Pieper*. Rather, in requiring proof of "causation," *Trumbull* merely refers to the first of the *Pieper* requirements, that, through no fault of his or her own, the claimant's earning power is again adversely affected *by the work-related disability*.

6. Similarly, in *Harle*, upon which *Trumbull* is based, the question of whether the claimant's work-related injury caused his disability only arose because the claimant was able to, and did, perform his time-of-injury work without restric-

tion; thus, his loss of earnings was due solely to economic factors, that is, his lay off, which forced him to do that job for less pay.

7. According to the majority's reading of the record, "Claimant testified that there was no specific incident which precipitated her back pain in 1993 and that it gradually increased both at work and at home." The majority also quotes Claimant as testifying that "she was 'getting ready to bend over' when she felt the pain in her back and admitted that there was no specific incident precipitating the back pain." (Majority op. at 579.) I must disagree with that reading.

Although such testimony was not required in order for Claimant to satisfy her burden of proof, she did, in fact, testify that a specific incident on April 21, 1993 caused her to experience back pain. (R.R. at 14a–16a; WCJ's Findings of Fact, Nos. 3–4.) Further, the majority has misstated Claimant's testimony with regard to that incident; the actual testimony provides:

Expert medical evidence is not necessary for a claimant to establish a continuing work-related injury; rather, once a claimant testifies that his or her prior work-related injury continues, the burden shifts to the employer to prove the contrary. *Latta v. Workmen's Compensation Appeal Board (Latrobe Die Casting Co.)*, 537 Pa. 223, 642 A.2d 1083 (1994). Where, as here, an employer fails to present evidence to the contrary, the claimant's testimony, *if believed,* is sufficient to support a reinstatement of suspended benefits. *Id.* Thus, Claimant's testimony alone, if the WCJ accepted that testimony, is sufficient to support her reinstatement petition. Because I believe that the WCJ did credit Claimant's testimony,[8] I would affirm the Board's grant of Claimant's reinstatement petition.

**Nichole ARNOLD, Petitioner,**

**v.**

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,
Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 22, 1997.

Decided Dec. 4, 1997.

Q   Now I'd like to direct your attention to April 21, 1993.... [D]id something happen during that shift which caused a problem to you?
A   Yes.
Q   Okay, would you describe for the Referee where this happened, and what happened?
A   Well, it was in Room 602, on 6 Tower, and I was putting a lady on the bed pan. And she had rolled over on her side, and I put the bed pan under her. And when I reached over the bed to—for her hips, to pull her back onto the bed pan, I felt this pain in my back, which radiated down to my right leg.... All the way down to my toes.
Q   You indicated that this happened when you were reaching over the bed for the hips of the patient....*what were you doing just a moment before you felt the pain?*
A   *Just standing there, getting ready to bend over.*
....
Q   *Okay, and as you were reaching, that's when you felt it?*
A   *That's when it happened.*
(R.R. at 14a–16a, emphasis added.) Clearly, Claimant did not state that she felt pain while "getting ready to bend over," but, rather, when she actually reached across the bed for the patient. Claimant then testified that, although there were no further incidents of the type that had occurred in April of 1993, her pain gradually worsened from the time of that incident until September 9, 1993, when, following a particularly difficult 12 hour shift, Claimant's pain prevented her from continuing work. (R.R. at 19a–20a, 33a–34a, 37a.) She returned to work on January 27, 1994; however, only with restrictions. (R.R. at 28a–29a, 30a, 37a.)

8.   This brings up the second issue raised by Employer, which the majority failed to consider; that is, whether the Board erred in finding that the WCJ accepted the testimony of Claimant as credible and persuasive. I do not believe that the Board erred in this respect. A fair reading of the WCJ's findings and conclusions indicate that the WCJ accepted Claimant's testimony regarding her back pain, and that the WCJ only disallowed the reinstatement of Claimant's benefits because of the mistaken belief that Claimant was required to present medical evidence to sustain

Stephen J. Giunta, Towanda, for petitioner.

Sarah C. Yerger, Assistant Counsel, and Clifford F. Blaze, Deputy Chief Counsel, Harrisburg, for respondent.

Before PELLEGRINI and FLAHERTY, JJ., and MIRARCHI, Jr., Senior Judge.

her burden of proof in regard to her reinstatement petition.